**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-01670-NYW

TRAVIS MULLENIX,

Plaintiff,

v.

DEMIAN LAPLANTE,

Defendant.

---

**UNOPPOSED MOTION BY DEMIAN LAPLANTE TO RESTRICT ACCESS TO ECF NOS. 1-1, 4, AND 16**

---

Pursuant to D.C.COLO.LCivR 7.2 and NYW Civ. Practice Standard 7.2, Defendant, Mr. LaPlante, moves to restrict access to ECF Nos. 1-1 (state court complaint), 4 (original complaint), and 16 (amended complaint). These pleadings contain deeply personal confidential/privileged information disclosed during therapy sessions involving Mr. LaPlante, Plaintiff, and licensed therapist Dr. Melinda Fouts (Colorado License Number MFT.0000524). Pursuant to C.R.S. §§ 12-245-220(1) and 13-90-107(1)(g), this information is privileged and confidential. As a result, these pleadings require Level 1 restriction.

Mr. LaPlante anticipates following up on this motion with a motion to strike those portions of ECF Nos. 1-1, 4, and 16 that include the privileged/confidential information. However, until that motion can be heard, Level 1 restriction for these pleadings is necessary to prevent any further circulation and injury to Mr. LaPlante's already-damaged interests.

**CERTIFICATE OF CONFERRAL**

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel certify that they conferred in good faith regarding this motion. Counsel for Plaintiff does not oppose restricting access to ECF Nos. 1-1, 4, and 16. However, as of the filing of this motion, Plaintiff does not concede the confidential/privileged nature of the content of those pleadings.

**LEGAL STANDARD**

D.C.COLO.LCivR 7.2(c) sets forth the standard for restriction of filings. A motion to restrict must:

> (1) identify the document or the proceeding for which restriction is sought;
>
> (2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);
>
> (3) identify a clearly defined and serious injury that would result if access is not restricted;
>
> (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
>
> (5) identify the level of restriction sought.

D.C.COLO.LCivR 7.2(c).

"[A] party may overcome the presumption of public access where the records contain . . . private or personally identifiable information, or otherwise invade privacy interests, such as personal medical information." *Peterson v. Nelnet Diversified Solutions*, No. 17-CV-01064-NYW, 2020 WL 3978756, at *10 (D. Colo. May 20, 2020).

## ARGUMENT

**1. Because ECF Nos. 1-1, 4, and 16 contain privileged/confidential information shared during therapy sessions with a licensed therapist, those documents should be restricted.**

Below, Mr. LaPlante addresses how each factor set forth in Local Rule 7.2(c) weighs in favor of restricting access to ECF Nos. 1-1, 4, and 16. Local Rule 7.2(a) expressly permits assigning restricted status to information that is to receive restricted status by statute. Pursuant to Colorado statute, certain information contained in ECF Nos. 1-1, 4, and 16 is privileged/confidential and, therefore, should be restricted at Level 1.

**Factor 1: Identification of documents to be restricted.**

Mr. LaPlante is requesting that ECF Nos. 1-1 (original complaint), 4 (original complaint), and 16 (amended complaint) be restricted.

**Factor 2: The interest to be protected outweighs the presumption in favor of public access.**

ECF Nos. 1-1, 4, and 16 contain highly sensitive and personal privileged/confidential information shared during sessions with a licensed therapist. As a result, these pleadings require restriction at Level 1.

Colorado statutory authority expressly prohibits a licensed therapist from disclosing (i) confidential communications made by a client; and (ii) advice given to a client:

> A licensee, registrant, or certificate holder shall not disclose, without the consent of the client, any confidential communications made by the client, or advice given to the client, in the course of professional employment.

C.R.S. § 12-245-220(1); *see also* C.R.S. § 13-90-107(1)(g) (precluding examination of a licensed therapist regarding any communications made by a client and any advice given by the therapist).[1]

Colorado statutory authority also explicitly prohibits disclosure of information shared during a group therapy session, such as the couples counseling sessions at issue here, by any of the participants:

> Any person who has participated in any therapy conducted under the supervision of a licensee, registrant, or certificate holder, *including group therapy sessions*, shall not disclose any knowledge gained during the course of the therapy without the consent of the person to whom the knowledge relates.

---

[1] While C.R.S. § 13-21-117 provides a narrow carve-out to this widely-understood privilege, that carve-out only applies to "serious threat[s] of imminent physical violence against a specific person or persons," *id*., which is not at issue here where the letter (notably styled as a "Report") at issue (1) was by Plaintiff's own admission written at *his* request, (2) was written some six weeks after Mr. LaPlante's last therapy session with Dr. Fouts, (3) makes no reference whatever to any serious threats of imminent physical violence emanating from Mr. LaPlante, and (4) Dr. Fouts never contacted law enforcement, sought to have Mr. LaPlante hospitalized, or took any of the other statutorily required actions. Further, as the statute's very title lays bare, Section 13-21-117, as relevant here, shields *therapists* from civil liability. Because Plaintiff is not the therapist, Dr. Fouts is not a party to these proceedings, and there (as of this writing, at least) is no civil action directed against Dr. Fouts, the narrow carve-out in any event does not apply. *See generally People v. Holmes*, No. 12-CR-1522, 2012 WL 4586175, at 5 (Colo. Dist. Ct. Aug. 27, 2012) ("This Court agrees that nothing in [Section 13-21-117]'s language indicates that it abrogates the psychiatrist-patient privilege in general. Rather, the plain language of the statute indicates that a psychiatrist cannot be held liable for civil damages for failing to protect against, or warn about, or predict a patient's violent behavior, except in specific, well-defined circumstances – those in which a patient has communicated to the mental health care provider a serious threat of imminent physical violence against a specific person or persons.").

C.R.S. § 12-245-220(1) (emphasis added); *see also* C.R.S. § 13-90-107(1)(g) (precluding examination of a group therapy participant regarding any knowledge gained during a group therapy session).

The bottom-line purpose of the privilege is "'to enhance the effective diagnosis and treatment of illness by protecting the patient from the embarrassment and humiliation' that might be caused by the disclosure of information imparted by the doctor or therapist during the course of consultation for treatment." *Johnson v. Trujillo*, 977 P.2d 152, 155 (Colo. 1999) (quoting *Clark v. District Court,* 668 P.2d 3, 8 (Colo. 1983)). The privilege, once it attaches, "prohibit[s] not only testimonial disclosures in court but also pretrial discovery of information within the scope of the privilege." *Clark*, 668 P.2d at 8.

In this case, Plaintiff by his own admission requested a letter from a licensed therapist, Dr. Fouts. In that letter (the "Fouts Report"), Dr. Fouts reveals numerous confidential communications made by Mr. LaPlante during therapy sessions with Plaintiff and Dr. Fouts. Her report also reveals advice Dr. Fouts provided to Mr. LaPlante during those therapy sessions, her professional assessment of the relationship, and treatment recommendation she made. This sort of content is the very type of information that is supposed to be protected from disclosure by C.R.S. §§ 12-245-220(1) and 13-90-107(1)(g).

Despite the obvious therapist-patient privileged nature of the information contained in the report that Dr. Fouts prepared for Plaintiff at his request some six weeks after Mr. LaPlante's last visit with her, Plaintiff opted to include certain highly-sensitive and personal therapist-patient privileged content from the Fouts Report in both his original complaint and his amended

complaint. *See* ECF Nos. 1-1 and 4 (original complaint) ¶¶ 202-204; ECF No. 16 (amended complaint) ¶¶ 202-204. Given the privileged/confidential nature of this information, it should never have been provided to Plaintiff, should not be publicly available, and the pleadings containing that information should be placed on Level 1 restriction.[2]

Because Plaintiff's pleadings contain privileged/confidential information from therapy sessions involving Mr. LaPlante (who is not a public figure), Mr. LaPlante's interest in protecting that information outweighs the presumption in favor of public access. *Peterson*, No. 2020 WL 3978756, at *10 (recognizing that a person's interest in protecting private personal medical information may outweigh the presumption in favor of public access).

**Factor 3: Serious injury would result absent restriction.**

If ECF Nos. 1-1, 4, and 16 are not placed on Level 1 restriction, then Mr. LaPlante's confidential/privileged information derived from therapy sessions will continue to be publicly available. That would result in further serious injury to Mr. LaPlante because it would mean that his confidential/privileged information would be open to public view on a go-forward basis. Such an outcome would carry with it the very embarrassment and humiliation that the therapist-patient privilege is intended to prevent. *Johnson*, 977 P.2d at 155.

---

[2] We understand that Plaintiff may dispute that the Fouts Report contains privileged/confidential information. That position, however, does not prevent the pleadings that contain that information from being restricted at Level 1 while the parties brief the privilege issue and the Court rules on the issue (and, as noted, Plaintiff's counsel, following conferral, has agreed to this interim step). If the Court were to later decide that Plaintiff's pleadings do not contain privileged/confidential information, the Court, *sua sponte* or on motion by a party, could remove the restricted status of Plaintiff's pleadings.

Further, such an outcome would also cause injury to more than just Mr. LaPlante. If the general public learns that privileged/confidential information shared during a therapy session can, without any waiver by the party concerned, be used for strategic purposes in public filings, then that will undermine the well-established (indeed, codified) principle that information shared during a therapy session will remain confidential and privileged. C.R.S. §§ 12-245-220(1) and 13-90-107(1)(g). Such a result would have a serious negative impact on the purpose behind protecting confidential communications and advice given during therapy sessions: promoting diagnosis and treatment. *Johnson*, 977 P.2d at 155.

**Factor 4: there is no alternative to restriction.**

ECF Nos. 1-1, 4, and 16 contain direct quotations from the Fouts Report, as well as information derived from the Fouts Report. This means that these pleadings contain privileged/confidential information. As a result, unless that information is removed or redacted from these pleadings, the only way to prevent public access to this privileged/confidential information is to restrict access to the pleadings.

As of the filing of this motion, it is undersigned counsel's understanding that Plaintiff does not concede that the information in either the Fouts Report or the portions of the pleadings that reflect the content of the Fouts Report is privileged and confidential. Stated differently, to date Plaintiff is unwilling to voluntarily remove or redact those portions of his pleadings. While we consider Plaintiff's legal position to be facially meritless, we are left with no option but to move this Court for protection in the form of a Level 1 restriction.

**Factor 5: requested level of restriction.**

Mr. LaPlante is requesting that ECF Nos. 1-1, 4, and 16 be restricted at Level 1.

## CONCLUSION

For the foregoing reasons, Mr. LaPlante requests that the Court place ECF Nos. 1-1, 4, and 16 at Level 1 restriction.

DATED this 16th day of July, 2021.

Respectfully submitted,

**PERKINS COIE LLP**

By: *s/ Markus Funk*

T. Markus Funk, #43500
MFunk@perkinscoie.com
Daniel Graham, #45185
DGraham@perkinscoie.com
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone: 303.291.2300
Facsimile: 303.291.2400

**Attorneys for Defendant,**
**Demian LaPlante**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Michael Fox
Kalamaya Goscha
133 Prospector Road, Suite 4102x
Aspen, CO 81611
michael@kalamaya.law

*Attorneys for Plaintiff*

By: *s/ Markus Funk*
T. Markus Funk
Perkins Coie LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone: 303.291.2300
Facsimile: 303.291.2400
mfunk@perkinscoie.com

**Attorneys for Defendant,**
**Demian LaPlante**