**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:21-cv-01670-NYW

TRAVIS MULLENIX,

    Plaintiff,

v.

DEMIAN LAPLANTE,

    Defendant.

---

**DEMIAN LAPLANTE'S PARTIAL MOTION TO DISMISS
PLAINTIFF'S CLAIM NOS. 2, 3, 5, AND 6**

---

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant, Mr. LaPlante, moves to dismiss a portion of the claims in Plaintiff's amended complaint, on the following grounds:

- **Claim Nos. 2 and 3 (assault and battery, respectively) are barred, in part, by the one-year statute of limitations.**

Mr. LaPlante moves to dismiss claim Nos. 2 and 3, in part, based on the applicable, one-year statute of limitations, C.R.S. § 13-80-103(1)(a). In his amended complaint, Plaintiff asserts alleged conduct of Mr. LaPlante dating back to 2017 as a basis for these two claims. Because Plaintiff filed his original complaint on April 15, 2021, that alleged conduct is well outside the one-year statute of limitations.

To avoid this statute of limitations obstacle, Plaintiff appears to be contending that a six-year statute of limitations, set forth in C.R.S. § 13-80-103.6, should apply to these claims. That is incorrect.

Although Plaintiff has included a conclusory allegation in his amended complaint to try to invoke this longer statute of limitations, multiple allegations in his amended complaint—which allegations are far more specific than his conclusory allegation—demonstrate that the one-year statute of limitations applies to these claims. Thus, to the extent Plaintiff is asserting claim Nos. 2 and 3 based on alleged conduct that occurred prior to April 15, 2020—the date one year prior to the filing of his original complaint—the claims are barred.

- **Claim for relief No. 5 (breach of contract) is barred, in whole, by the statute of frauds.**

Mr. LaPlante moves to dismiss claim No. 5, in whole, based on the statute of frauds. Claim No. 5 is a claim for breach of contract relating to alleged contracts to pay third-party vendors approximately $60,000 for goods. However, Plaintiff's amended complaint contains no allegation of any writing signed by Mr. LaPlante wherein he agrees to pay the vendors for these goods. Thus, these claims are barred by the applicable statute of frauds, C.R.S. §§ 4-2-201 (statute of frauds barring claims based on the sale of goods over $500 when there is no signed writing).

- **Claim for relief No. 6 (breach of contract) is barred, in whole, by the statute of frauds.**

Mr. LaPlante moves to dismiss claim No. 6 because it, too, is barred, in whole, by the statute of frauds. Claim No. 6 is a claim for breach of contract based on the allegation that Mr. LaPlante agreed to pay Plaintiff $3,300 per month for a period greater than one year. Plaintiff's amended complaint, however, contains no allegation of any writing signed by Mr. LaPlante confirming this alleged agreement. Thus, the claim is barred by the applicable statute of frauds,

C.R.S. § 38-10-112(1)(a) (statute of frauds barring claims based on agreements that are not to be performed within one year when there is no signed writing).

* * *

Mr. LaPlante requests that the Court dismiss, in part, claim Nos. 2 and 3, and dismiss, in whole, claim Nos. 5 and 6.

**CERTIFICATE OF CONFERRAL**

Undersigned counsel certifies that counsel for Mr. LaPlante conferred in good faith regarding this motion. More particularly, counsel for Mr. LaPlante conferred by telephone and email on June 22, 2021 with Plaintiff's counsel. After that conferral, Plaintiff's counsel filed an amended complaint on July 9, 2021. Thereafter, on July 13, 2021, counsel for Mr. LaPlante followed up with Plaintiff's counsel regarding deficiencies that remained in Plaintiff's amended complaint.

**LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility means that the plaintiff has pleaded sufficient facts to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, allegations that are purely conclusory are not entitled to be presumed true. *Id.* at 678–79.

# ARGUMENT

**1. Plaintiff's claim Nos. 2 and 3 (assault and battery, respectively) are barred, in part, by the one-year statute of limitations.**

Plaintiff's assault and battery claims are barred, in part, by the applicable, one-year statute of limitations.

The statute of limitations for assault and battery is one year. C.R.S. § 13-80-103(1)(a); *see also Klammshell v. Berg*, 441 P.2d 10, 13 (Colo. 1968) ("[A] statute of limitations is enacted for the purpose of promoting justice, discouraging unnecessary delay and forestalling the prosecution of stale claims."). A claim for assault and a claim for battery accrue "on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." C.R.S. § 13-80-108(1). "Statute of limitations questions may, therefore, be appropriately resolved on a Fed. R. Civ. P. 12(b) motion." *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

Plaintiff filed his original complaint in this action on April 15, 2021. ECF No. 4. Based on the above statute of limitations, Plaintiff can only base his claims for assault and battery on alleged conduct that occurred within the year preceding filing—they year between April 15, 2020 and April 15, 2021.

But in his amended complaint, Plaintiff has pled his assault claim based on alleged conduct by Mr. LaPlante dating back to 2017. Am. Compl., ECF No. 16, ¶ 214. Similarly, in his amended complaint, Plaintiff has pled his battery claim based on alleged conduct by Mr. LaPlante dating back to 2017. *Id.* ¶ 221. This means that Plaintiff is attempting to assert claims for assault and battery based on alleged conduct that occurred approximately three years prior to

the statute of limitations cut-off for these claims—April 15, 2020. The statute of limitations bars exactly this sort of delayed assertion of claims. *Klammshell*, 441 P.2d at 13.

To get around this one-year statute of limitations, Plaintiff now attempts to invoke a longer statute of limitations under C.R.S. § 13-80-103.6. In his amended complaint, Plaintiff includes the following conclusory allegation, which allegation appears to be an effort at invoking this longer statute of limitations:

> Throughout the relationship, Mr. Mullenix was *psychologically and emotionally unable* to *acknowledge* the act of domestic violence and the resulting harm.

Am. Compl. ¶¶ 219, 226 (emphasis added).

However, the other—more specific—allegations in Plaintiff's amended complaint contradict this conclusory allegation. In these more specific allegations, Plaintiff asserts that he was aware of the alleged abuse, feared for his safety, distanced himself from the alleged abuse, and even reported the alleged abuse to a third party. Thus, according to Plaintiff's allegations in his amended complaint, he was not only "capable" of "acknowledging" the alleged abuse—he also reported it.

These more specific allegations in Plaintiff's amended complaint include the following:

- "On this incident [in January 2018], Defendant slapped Mr. Mullenix, leaving Mr. Mullenix in fear for his safety." Am. Compl. ¶ 20-22.
- After an alleged incident in February 2019, Plaintiff "confirm[ed] that Defendant had sobered up and calmed down," before agreeing to meet with Mr. LaPlante. *Id*. ¶¶ 38-48.

- During an alleged incident in late March-early April 2020, "Mr. Mullenix was terrified. He realized that he was completely isolated at the Peace Ranch." *Id*. ¶¶ 81-82.

- During an alleged incident on June 2, 2020, "Mr. Mullenix locked himself in a small cabin on the back of the property because he feared for his safety." *Id*. ¶¶ 91-92.

- After an alleged incident on July 24, 2020, Plaintiff alleges he "waited until he confirmed that Defendant was sober and calmed down," until he met with Defendant. *Id*. ¶¶ 103-115.

- After an alleged incident on or around August 3, 2020, Plaintiff reported the alleged incident via text message to an employee of Heather's restaurant. *Id*. ¶¶ 117-121.

In other words, the more specific allegations in Plaintiff's amended complaint contradict his conclusory allegation that he was "psychologically and emotionally unable to acknowledge the act of domestic violence and resulting harm." In his more specific allegations, Plaintiff asserts the opposite: he was aware of the alleged abuse, feared for his safety, distanced himself from the alleged abuse, and even reported the alleged abuse to a third party.

District of Colorado precedent establishes that when more specific allegations contradict conclusory allegations in a complaint, the conclusory allegations should not be taken as true: factual allegations in a complaint "are presumed true unless they are conclusory or contradicted by other, more specific allegations." *Jackson-Cobb v. Sprint United Mgmt.*, 173 F. Supp. 3d 1139, 1142 (D. Colo. 2016). As a result, Plaintiff's conclusory allegation that he was for unstated reasons subjectively unable to acknowledge the alleged abuse is not to be credited because that conclusory allegation is contradicted by Plaintiff's more specific allegations in the amended

complaint. This means that the one-year statute of limitations pursuant to C.R.S. § 13-80-103(1)(a) is the applicable statute of limitations. Therefore, Plaintiff's claims for assault and battery are barred to the extent he is attempting to base these claims on alleged conduct that occurred prior to April 15, 2020—the date one year prior to Plaintiff's filing of his original complaint.

**2.     Plaintiff's claim No. 5 (breach of contract) is barred, in whole, by the statute of frauds.**

The statute of frauds bars Plaintiff's claim No. 5, breach of contract, as a matter of law.

A contract for the sale of goods for $500 or more is not enforceable "unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker." C.R.S. § 4-2-201(1); *see Autotech Techs., LP v. Palmer Drives Controls & Sys., Inc.*, No. 19-CV-00718-PAB-NRN, 2020 WL 1974759, at *3 n.3 (D. Colo. Apr. 24, 2020) (recognizing, in the context of ruling on motion to dismiss, that the statute of frauds bars a claim for sale of goods over $500 in the absence of a writing, but determining that the Court did not need to reach the issue because the claim was barred on other grounds).

Here, Plaintiff bases claim No. 5 on contracts for goods totaling approximately $60,000. Am. Compl. p. 19 ¶ 7. However, in Plaintiff's amended complaint, there is no allegation of any writing signed by Mr. LaPlante that evidence these purported contracts. Without that critical allegation, Plaintiff's claim No. 5 is barred by the statute of frauds. Absent an allegation of a signed writing, Plaintiff has not nudged his breach of contract claim "across the line from conceivable to plausible," and his claim needs to be dismissed. *Twombly*, 550 U.S. at 570

("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

3. **Plaintiff's claim No. 6 (breach of contract) is barred, in whole, by the statute of frauds.**

The statute of frauds also bars Plaintiff's claim No. 6, breach of contract, as a matter of law.

A contract which by its terms is not to be performed within one year is void, unless it is evidenced by a writing signed by the party to be charged. C.R.S. § 38-10-112(1)(a). Dismissal is appropriate when the claim contains no more than an allegation of an oral contract. *Gill-Mulson v. Eagle River Fire Prot. Dist.*, No. 11-CV-01896-RBJ-KLM, 2013 WL 258745, at *3 (D. Colo. Jan. 23, 2013) (adopting Magistrate Judge recommendation granting motion to dismiss breach of contract claim based on statute of frauds where alleged oral contract was for employment for at least two years); *Schmidt v. Wells Fargo & Co.*, No. 17-CV-01555-RBJ, 2018 WL 1522609, at *5 (D. Colo. Mar. 28, 2018) (dismissing a breach of contract claim based on an alleged oral contract for employment that was allegedly supposed to last five years).

In his amended complaint, Plaintiff alleges that Mr. LaPlante agreed to pay Plaintiff $3,300 per month for a period extending beyond a year. Am. Compl. p. 19 ¶¶ 8-15. More particularly, Plaintiff alleges that Mr. LaPlante agreed to pay him $3,300 per month from September 2019 through at least December 2020, *id*. ¶ 12, and beyond, *id*. ¶ 15 (alleging Plaintiff lost future wages, as well).

Plaintiff's allegations, however, do not satisfy the statute of frauds. In his amended complaint, Plaintiff includes no allegation of any writing signed by Mr. LaPlante that evidences

the alleged contract to pay Plaintiff $3,300 per month for a period greater than one year. Therefore, as with his claim No. 5, Plaintiff has not nudged claim No. 6 "across the line from conceivable to plausible," and the claim needs to be dismissed. *Twombly*, 550 U.S. at 570.

## CONCLUSION

Mr. LaPlante requests, consistent with the one-year statute of limitations in C.R.S. § 13-80-103(1)(a), that Plaintiff's claim Nos. 2 and 3 be dismissed to the extent that they are based on alleged conduct that occurred prior to April 15, 2020.

Mr. LaPlante also requests that Plaintiff's claim Nos. 5 and 6 be dismissed in their entirety because they are barred by the statute of frauds.

DATED this 21st day of July, 2021

Respectfully submitted,

**PERKINS COIE LLP**

By: *s/ Markus Funk*
T. Markus Funk, #43500
MFunk@perkinscoie.com
Daniel Graham, #45185
DGraham@perkinscoie.com
1900 Sixteenth Street, Suite 1400
Denver, CO  80202-5255
Telephone:  303.291.2300
Facsimile:  303.291.2400

**Attorneys for Defendant,
Demian LaPlante**

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Michael Fox
Kalamaya Goscha
202 8th Street, Suite 1
Glenwood Springs, Colorado 81601
michael@kalamaya.law

*Attorneys for Plaintiff*

By: *s/ Markus Funk*
   T. Markus Funk
   Perkins Coie LLP
   1900 Sixteenth Street, Suite 1400
   Denver, CO  80202-5255
   Telephone:  303.291.2300
   Facsimile:  303.291.2400
   MFunk@perkinscoie.com

**Attorneys for Defendant,
Demian LaPlante**