**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-01670-NYW

TRAVIS MULLENIX,

    Plaintiff,

v.

DEMIAN LAPLANTE,

    Defendant.

---

**MINUTE ORDER**

---

Entered by Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendant Demian LaPlante's ("Defendant" or "Mr. LaPlante") Unopposed Motion by Demian LaPlante to Restrict Access to ECF Nos. 1-1, 4, and 16 ("First Motion to Restrict") [#18], filed July 16, 2021; and Motion by Demian LaPlante to Restrict Access to Motion to Strike (ECF Nos. 20, 20-1, 20-2, and 20-3) ("Second Motion to Restrict" and collectively, "Motions") [#21], filed July 21, 2021. This court presides fully over this matter pursuant to 28 U.S.C. § 636(c), the unanimous consent of the Parties [#13], and the Order of Reference dated June 30, 2021 [#14].

    "'Courts have long recognized a common-law right of access to judicial records,' but this right 'is not absolute.'" *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras,* 939 F. Supp. 799, 801 (D. Colo. 1996). There is a presumption that documents essential to the judicial process are to be available to the public, but access to them may be restricted when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh,* 119 F.3d 806, 811 (10th Cir. 1997). Accordingly, courts may exercise discretion and restrict a public's right to access judicial records if that "'right of access is outweighed by competing interests.'" *JetAway*, 754 F.3d at 826 (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)); *cf. United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) ("[T]he question of limiting access is necessarily fact-bound, [therefore] there can be no comprehensive formula for decisionmaking.").

    In exercising that discretion, the court "'weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties.'" *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). The presumption against restriction may be overcome if the party seeking to restrict access to records "articulate[s] a real and substantial interest that justifies depriving the

public of access to the records that inform [the court's] decision-making process." *JetAway*, 754 F.3d at 826 (quotation marks and citation omitted); *Pine Tele. Co. v. Alcatel-Lucent USA Inc.*, 617 F. App'x 846, 852 (10th Cir. 2015) (showing of "significant interest" required). "[A] generalized allusion to confidential information" is insufficient; as is the bare reliance on the existence of a protective order pursuant to which the documents were filed. *JetAway*, 754 F.3d at 826–27; *see also* D.C.COLO.LCivR 7.2 (stipulations between parties or stipulated protective orders regarding discovery, standing alone, are insufficient to support restriction). But a party may overcome the presumption of public access where the records contain trade secrets, *Alcatel-Lucent*, 617 F. App'x at 852; "business information that might harm a litigant's competitive standing," *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978); information which "could harm the competitive interests of third parties," *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013); or private or personally identifiable information, Fed. R. Civ. P. 5.2, or otherwise invade privacy interests, *Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 637 (D. Colo. 2010), such as personal medical information, *Dillard*, 795 F.3d at 1205 (citing *Nixon*, 435 U.S. at 599).

These principles are reflected in D.C.COLO.LCivR 7.2(a). Local Rule 7.2(c) is quite clear that a party seeking to restrict access must make a multi-part showing. It must: (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted access—such as redaction, summarization, stipulation, or partial restriction—are not adequate. D.C.COLO.LCivR 7.2(c)(1)–(4).

## I.     First Motion to Restrict

The First Motion to Restrict seeks Level 1 Restriction of Plaintiff Travis Mullenix's ("Plaintiff" or "Mr. Mullenix") pleadings and, specifically, docket entries [#1-1 (original complaint filed in state court)], [#4 (original complaint filed in federal court)], and [#16 (the operative Amended Complaint)]. *See* [#18]. All three of the foregoing pleadings (collectively, the "Complaints") were not filed under restriction and remain publicly available on the docket. Plaintiff does not oppose restriction of the Complaints, although he "does not concede the confidential/privileged nature of the content" contained therein. [*Id.* at 2].

Defendant seeks to restrict Paragraphs 202 through 204 in each of the Complaints. *See generally* [#18]. Docket entries [#1-1] and [#4], identical in substance, represent the original Complaint filed in state and federal court, respectively. Paragraphs 202 through 204 in the original Complaint refer to communications between Mr. LaPlante and his therapist, Dr. Melinda Fouts ("Dr. Fouts"); Dr. Fouts's treatment of Mr. LaPlante; and quotes from a letter sent by Dr. Fouts to Mr. Mullenix (or "Fouts Report") concerning the same. *See* [#1-1 at ¶¶ 202–04; #4 at ¶¶ 202–04]. While the Amended Complaint [#16] reflects amendments to the original pleading, *compare* [#16] *with* [#4], Paragraphs 202 through 204 therein also refer to and/or quote directly from the Fouts Report, *see* [#16 at ¶¶ 202–04]. Defendant explains that

> Plaintiff by his own admission requested a letter from a licensed therapist, Dr. Fouts. In that letter (the "Fouts Report"), Dr. Fouts reveals numerous confidential communications made by Mr. LaPlante during therapy sessions with Plaintiff and

2

>  Dr. Fouts. Her report also reveals advice Dr. Fouts provided to Mr. LaPlante during those therapy sessions, her professional assessment of the relationship, and treatment recommendation [sic] she made.

[#18 at 5]. According to Defendant, these allegations contain "the very type of information that is supposed to be protected from disclosure by C.R.S. §§ 12–245–220(1) and 13–90–107(1)(g)." [*Id.*]. *See also* [i*d.* at 4–5 (citing Colo. Rev. Stat. §§ 12-245-220(1), 13–90–107(1)(g))].

Because the Complaints contain privileged and confidential information from Mr. LaPlante's therapy sessions with a licensed therapist, he argues, his interest in protecting that sensitive information outweighs the presumption in favor of public access. [#18 at 6]. He also contends that he risks serious harm absent restriction because public access to his confidential and privileged therapist sessions would "carry with it the very embarrassment and humiliation that the therapist-patient privilege is intended to prevent." [*Id.* (citing *Johnson v. Trujillo*, 977 F.2d 152, 155 (Colo. 1999))]. This court respectfully agrees insofar as it finds that Defendant's privacy interests here warrant restriction of highly sensitive information related to his therapy treatment. *See Dillard*, 795 F.3d at 1205–06; *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135–36 (10th Cir. 2011) (approving the filing under seal of files containing private medical information); *see also Russell v. Lanier*, 404 F. App'x 288, 289 n.2 (10th Cir. 2010) (recognizing the "sensitive nature" of medical information and granting leave to file appendix under seal).[1]

Upon review of the Complaints, however, I find that wholesale restriction is not appropriate. Specifically, while I find that Paragraphs 202 through 204 in the Complaints are properly restricted from public access, I find that redaction of the same is a practicable means of protecting Defendant's privacy interests. Defendant asserts that because Mr. Mullenix has been unwilling to "voluntarily remove or redact" Paragraphs 202 through 204 in his Complaints, the only way for Defendant to prevent public access to his sensitive information is to seek restriction of the pleadings altogether. [#18 at 7]. Accordingly, Defendant's First Motion to Strike is **GRANTED.** The Clerk of the Court is **DIRECTED to RESTRICT** [#1-1], [#], and [#16]. Plaintiff shall **FILE** redacted versions of his original Complaint [#4] and Amended Complaint [#16], consistent with this Minute Order, **by no later than August 4, 2021**.

## II.    Second Motion to Restrict

The Second Motion to Restrict seeks Level 1 Restriction of Defendant's Motion to Strike Paragraphs 202 through 204 of Plaintiff's First Amended Complaint ("Motion to Strike") [#20, filed July 21, 2021], and Exhibits A [#20-1], B [#20-2], and C [#20-3] (collectively, "Exhibits") thereto. [#21]. Mr. LaPlante filed the Motion to Strike and Exhibits under restriction and seeks a court order maintaining restriction of the same.

---

[1] Without passing on whether the therapist-client privilege ultimately applies to the allegations in Paragraphs 202 through 204, I also note that the United States Court of Appeals for the Tenth Circuit has long recognized the significant interest parties and the general public have in maintaining privilege and robust protections for privileged communications, respectively. *See, e.g.*, *United States v. Dillard*, 795 F.3d 1191, 1206 (10th Cir. 2015).

The Motion to Strike seeks to strike from the operative Amended Complaint "deeply personal confidential/privileged information disclosed during therapy sessions" involving the Parties and licensed therapist Dr. Fouts. [#21 at 1]. Exhibit A is a "Lookup Detail Review" containing information about Dr. Fouts's credentials, including her license number, license type, and disciplinary record. [#20-1]. Exhibit B is the Fouts Report—a letter from Dr. Fouts to attorney Michael Fox, dated January 31, 2021, regarding Dr. Fouts's assessment of the relationship between Messrs. Mullenix and LaPlante. [#20-2]. Exhibit C is a heavily redacted email from Plaintiff's counsel to defense counsel, dated July 15, 2021, regarding the Fouts Report. [#20-3].

Defendant argues that the Motion to Strike is properly restricted because it "necessarily must discuss the privileged and confidential nature of the material improperly disclosed" in the Amended Complaint. [#21 at 6].[2] Defendant asserts that because the Motion to Strike and accompanying Exhibits discuss privileged and confidential information from Mr. LaPlante's therapy sessions with a licensed therapist, his interest in protecting that sensitive information outweighs the presumption in favor of public access. [*Id.*]. He further contends, again, that he risks serious harm absent restriction because public access to his confidential and privileged therapist session would "carry with it the very embarrassment and humiliation that the therapist-patient privilege is intended to prevent." [*Id.* (citing *Johnson*, 977 F.2d at 155)].

Upon review of the Motion to Strike and Exhibits, I find Level 1 Restriction of information contained in the Motion to Strike and Exhibit B appropriate. Both documents contain the same sensitive information discussed above. *See supra* Section I. By contrast, however, Exhibits A and C do not implicate the same privacy interests and Mr. LaPlante offers no independent basis to restrict these two documents. *See generally* [#21]. Exhibit A concerns only Dr. Fouts and her licensing credentials. *See* [#20-1]. And it appears that any sensitive information contained in Exhibit C has already been redacted. *See* [#20-3]. Indeed, other than salutations, the email states in full, "To answer Dan's question from Tuesday, about six months ago, Travis asked for Ms. Fouts to produce a letter. We received it from her after he made that request." [#20-3 at 2]. The substance of this email is already publicly available in the Second Motion to Restrict filed by Defendant. *See* [#21 at 5 ("Plaintiff by his own admission requested a letter from a licensed therapist, Dr. Fouts. In that letter . . . Dr. Fouts reveals numerous confidential communications made by Mr. LaPlante during therapy sessions with Plaintiff and Dr. Fouts.")]. I therefore find restriction of Exhibits A and C unwarranted.

Defendant further argues that restriction of the Motion to Strike and Exhibits is not a practicable alternative. [#21 at 7]. Specifically, Defendant asserts that the Motion to Strike "contains direct quotations from the Fouts letter, information derived from the Fouts letter, and one of the exhibits to the Motion is the Fouts letter itself," which the entire Motion to Strike "is devoted to discussing." [*Id.*].

---

[2] While Defendant indicates in his statement of conferral that Plaintiff "objects to this procedure and thinks that a redacted amended complaint should be filed," *see* [#21 at 2], Plaintiff has not filed an objection within the timeframe contemplated by the Local Rule, *see* D.C.COLO.LCivR 7.2(d) ("Any person may file an objection to the motion to restrict no later than three court business days after posting.").

Upon review of Defendant's Motion to Strike and Exhibit B, and for the reasons addressed above, this court finds that Level 1 Restriction of Exhibit B and the Motion to Strike in its unredacted form is warranted. However, similar to the Complaints discussed above, it appears practicable to make publicly available a version of the Motion to Strike with redactions of specific references to Mr. LaPlante's therapy sessions and treatment. With respect to the Motion to Strike, I find that redaction of any specific references to information contained in Exhibit B, Paragraphs 202 through 204 of the Complaints, and/or conversations between the Parties and Dr. Fouts contained therein strikes the appropriate balance between Mr. LaPlante's privacy interests and the public interest in access to litigation materials.

Accordingly, the Second Motion to Restrict is **GRANTED IN PART** insofar as it seeks Level 1 Restriction of Exhibit B and the Motion to Strike in its unredacted form, and **DENIED IN PART** insofar as it seeks restriction of Exhibits A and C to the Motion to Strike.

In so ruling on the instant Motions to Restrict [#18, #21], the court does not consider the merits of the pending, unripe Motion to Strike [#20]. And the Parties are reminded that this ruling does not necessarily mean that any decision by the court will be redacted. *See Lucero v. Sandia Corp.*, 495 F. App'x 903, 913 (10th Cir. 2012) (citing 8A Charles Alan Wright, et al., *Federal Practice & Procedure* § 2042, at 234 (3d ed. 2010)) (observing that "[t]he strongest arguments for access apply to materials used as the basis for a judicial decision on the merits of the case"). To the extent that one or more of the Parties believes restriction of the court's decisions in this matter is necessary, that Party should proceed to filing a Motion to Restrict, with a proposed redacted public version, for the court's consideration.

Therefore, **IT IS ORDERED** that:

(1) Defendant's First Motion to Restrict [#18] is **GRANTED**;

(2) Defendant's Second Motion to Restrict [#21] is **GRANTED IN PART** and **DENIED IN PART**;

(3) The Clerk of the Court is **DIRECTED** to apply Level 1 Restriction and **RESTRICT** [#1-1], [#4], and [#16];

(4) The Clerk of the Court is **DIRECTED** to **MAINTAIN** Level 1 Restriction for [#20] and [#20-2];

(5) **On or before August 4, 2021**, Plaintiff shall **FILE** a redacted version of his original Complaint [#4], consistent with this Minute Order, with a docket entry indicating an association with the original filings on the docket (i.e., "Complaint for Personal Injuries (Redacted Version of [#1-1] and [#4])");

(6) **On or before August 4, 2021**, Plaintiff shall **FILE** a redacted version of his Amended Complaint [#16], consistent with this Minute Order, with a docket entry indicating an association with the restricted version of the same on the docket (i.e., "Plaintiffs [sic] First Amended Complaint for Personal Injuries (Redacted Version of [#16])");

5

(7) **On or before August ,4 2021**, Defendant shall **FILE** a redacted version of his Motion to Strike [#20], consistent with this Minute Order, with a docket entry indicating an association with the original filing on the docket (i.e., "Defendant's Motion to Strike Paragraphs 202 through 204 of Plaintiff's First Amended Complaint (Redacted Version of [#20])"); and

(8) The Clerk of the Court is **DIRECTED** to **UNRESTRICT** [#21-1] and [#21-3].

DATED: August 4, 2021