**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:21-cv-01670-NYW

TRAVIS MULLENIX,

    Plaintiff/Counter Defendant,

v.

DEMIAN LAPLANTE,

    Defendant/Counter Claimant.

---

**DEFENDANT'S MOTION TO RESTRICT ACCESS TO DEFENDANT'S MOTION TO DISQUALIFY DR. MELINDA FOUTS AS AN EXPERT WITNESS FOR PLAINTIFF (DOCS. #56, #56-1)**

---

Defendant Demian LaPlante ("Mr. LaPlante") hereby moves to restrict access to his Motion to Disqualify Dr. Melinda Fouts as an Expert Witness for Plaintiff (the "Motion to Disqualify") and Exhibit A thereto (Docs. #56, #56-1).

Plaintiff Travis Mullenix ("Plaintiff") has endorsed Dr. Fouts, the former group/family therapist of Mr. LaPlante and Plaintiff, as an expert witness to testify to legally privileged, deeply personal information disclosed during confidential therapy sessions involving Mr. LaPlante, Plaintiff, and licensed therapist Dr. Fouts.  (Doc. #56-1, at 1 ("We anticipate [Dr. Fouts] will testify *about the psychological treatment that she administered to . . . [Mr. LaPlante]*.") (emphasis added).)  The Court previously struck this same material from Plaintiff's Complaint as privileged and inadmissible.  (*See* Doc. #47.)  Plaintiff, nonetheless, persists in his efforts to bring facially therapist-privileged information into this case, necessitating Mr. LaPlante's filing of the Motion to Disqualify.

The Motion to Disqualify seeks to disqualify Dr. Fouts as an expert witness for Plaintiff because Mr. LaPlante (1) had an objectively reasonable belief that he established a confidential relationship with Dr. Fouts and (2) in fact disclosed confidential information to Dr. Fouts. (*See generally* Doc. #56.)  The District of Colorado has held that, under these circumstances, the expert should be disqualified. *See Excel Jet, Ltd. v. United States*, 2009 WL 1194936, at *2 (D. Colo. May 1, 2009).

Because the Motion to Disqualify necessarily must address the specifics of therapist-privileged material that Mr. LaPlante disclosed to Dr. Fouts (to which Plaintiff has endorsed Dr. Fouts to testify), and because Exhibit A to the Motion to Disqualify is Plaintiff's Expert Disclosure (which itself reveals such information), the Motion to Disqualify and Exhibit A require Level 1 restriction.

This Court previously has restricted identical information, reasoning that "[Mr. LaPlante's] privacy interests here warrant restriction of highly sensitive information related to his therapy treatment."  (Doc. #24, at 5.)  Pursuant to that prior order, Mr. LaPlante will file publicly available versions of the Motion to Disqualify and Exhibit A "with redactions of specific references to Mr. LaPlante's therapy sessions and treatment."  (*Id.*)

## CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel certify that they conferred in good faith with Plaintiff's counsel regarding this motion.  Despite undersigned counsel reminding Plaintiff's counsel of the Court's prior order governing this same issue (Doc. #24) and trying to explain why the filing of Mr. LaPlante's counterclaim does nothing to change this analysis (that is, does not constitute a "waiver" of any kind), Plaintiff's counsel persists in

opposing this motion. Plaintiff asserts, without support, that Mr. LaPlante has waived the applicable privilege.

## LEGAL STANDARD

D.C.COLO.LCivR 7.2(c) sets forth the standard for restriction of filings. A motion to restrict must:

(1) identify the document or the proceeding for which restriction is sought;

(2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);

(3) identify a clearly defined and serious injury that would result if access is not restricted;

(4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and

(5) identify the level of restriction sought.

D.C.COLO.LCivR 7.2(c).

"Courts have long recognized a common-law right of access to judicial records, but this right is not absolute." *JetAway Aviation, LLC v. Bd. of County Com'rs of County of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (internal quotations omitted). Courts may, in their discretion, "seal documents if the public's right of access is outweighed by competing interests." *Id.* (internal quotations omitted). "To overcome this presumption against sealing, the party seeking to seal records must articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *Id.* (internal quotations omitted). The Tenth Circuit has "previously recognized that the privacy interest inherent in personal medical information can overcome the presumption of public access."

*United States v. Dillard*, 795 F.3d 1191, 1205-06 (10th Cir. 2015) (citing *Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey*, 663 F.3d 1124, 1135-36 (10th Cir. 2011); *Russell v. Lanier*, 404 F. App'x 288, 289 n. 2 (10th Cir. 2010)).

This Court previously has held that "[Mr. LaPlante's] privacy interests here warrant restriction of highly sensitive information related to his therapy treatment." (Doc. #24, at 5.) The Court instructed Mr. LaPlante to redact "specific references to [his] therapy sessions and treatment" and concluded that "redaction of any specific references to information contained in [the Fouts Letter], Paragraphs 202 through 204 of the Complaints, and/or conversations between the Parties and Dr. Fouts . . . strikes the appropriate balance between Mr. LaPlante's privacy interests and the public interest in access to ligation materials." (*Id.*)

## ARGUMENT

**1. Because the Motion to Disqualify and Exhibit A thereto (Docs. #56, #56-1) necessarily must address privileged/confidential information shared during therapy sessions with a licensed therapist, they should be restricted.**

Below, Mr. LaPlante addresses how each factor set forth in Local Rule 7.2(c) weighs in favor of restricting access to the Motion to Disqualify and Exhibit A thereto (Docs. #56, #56-1). Local Rule 7.2(a) expressly permits assigning restricted status to information that is to receive restricted status by statute. Pursuant to Colorado statute, in turn, certain information contained in the Motion to Disqualify and Exhibit A (Docs. #56, #56-1) is privileged/confidential, and, therefore, should be restricted at Level 1.

**Factor 1: Identification of documents to be restricted.**

Mr. LaPlante is requesting that Docs. #56 and 56-1 be restricted.

**Factor 2: The interest to be protected outweighs the presumption in favor of public access.**

The Motion to Disqualify and Exhibit A (Docs. #56, #56-1) address highly sensitive and personal privileged/confidential information shared during sessions with a licensed therapist. As a result, the Motion to Disqualify and Exhibit A require restriction at Level 1.

Colorado statutory authority, as well as the settled caselaw interpreting it, expressly prohibits a licensed therapist from disclosing (i) confidential communications made by a client and (ii) advice given to a client:

> A licensee, registrant, or certificate holder shall not disclose, without the consent of the client, any confidential communications made by the client, or advice given to the client, in the course of professional employment.

C.R.S. § 12-245-220(1); *see also* C.R.S. § 13-90-107(1)(g) (precluding examination of a licensed therapist regarding any communications made by a client and any advice given by the therapist).

Colorado statutory authority also explicitly prohibits disclosure of information shared during a group therapy session, such as the couples counseling sessions at issue here, by *any* of the participants:

> *Any person* who has participated in any therapy conducted under the supervision of a licensee, registrant, or certificate holder, *including group therapy sessions*, shall not disclose any knowledge gained during the course of the therapy without the consent of the person to whom the knowledge relates.

C.R.S. § 12-245-220(1) (emphasis added); *see also* C.R.S. § 13-90-107(1)(g) (precluding examination of a group therapy participant regarding any knowledge gained during a group therapy session).

The bottom-line purpose of the privilege is "'to enhance the effective diagnosis and treatment of illness by protecting the patient from the embarrassment and humiliation' that might

-5-

be caused by the disclosure of information imparted by the doctor or therapist during the course of consultation for treatment." *Johnson v. Trujillo*, 977 P.2d 152, 155 (Colo. 1999) (quoting *Clark v. District Court,* 668 P.2d 3, 8 (Colo. 1983)).  The privilege, once it attaches, "prohibit[s] not only testimonial disclosures in court but also pretrial discovery of information within the scope of the privilege." *Clark*, 668 P.2d at 8.

Here, on October 22, 2021, Plaintiff endorsed Dr. Fouts as an expert witness in this case. Plaintiff's expert disclosure announces Plaintiff's intent to call Dr. Fouts to testify about "*the psychological treatment that she administered to . . . [Mr. LaPlante]*;" "her opinions as to whether domestic violence was occurring between Plaintiff *and Defendant*;" and "*admissions that were made to her by Defendant* that form the basis of her physiological analysis *of Defendant's trauma*."  (Doc. #56-1, at 1-2 (emphasis added).)  This sort of content is the very type of information that is supposed to be protected from disclosure by C.R.S. §§ 12-245-220(1) and 13-90-107(1)(g).

Despite the obvious therapist-patient privileged nature of the information to which Plaintiff has endorsed Dr. Fouts to testify, and despite this Court's prior Order striking virtually identical information from Plaintiff's Complaint as privileged and inadmissible (*see* Doc. #47), Plaintiff has refused to withdraw Dr. Fouts as an expert witness.  Further, undersigned counsel has attempted to persuade counsel for Plaintiff, through successive emails supported by extensive case citation and analysis, that endorsing Dr. Fouts as an expert witness to testify against her former patient at trial (including as to information that she learned solely through privileged and confidential counseling sessions) is, based on the clear statutory authorities and

caselaw (including this Court's prior order), facially improper. Plaintiff apparently remains unpersuaded, so we are compelled to file the Motion to Disqualify.[1]

Because the Motion to Disqualify necessarily must discuss the specifics of the privileged and confidential material to which Plaintiff has endorsed Dr. Fouts to testify, and because Exhibit A to the Motion to Disqualify is Plaintiff's Expert Disclosure, which itself reveals such information, the Motion to Disqualify and Exhibit A require Level 1 restriction.[2] Further, because the Motion to Disqualify and Exhibit A discuss privileged/confidential information from therapy sessions involving Mr. LaPlante (who is not a public figure), Mr. LaPlante's interest in protecting that information outweighs the presumption in favor of public access. (*Se*e Doc. #24, at 3 ("Because the Complaints contain privileged and confidential information from Mr. LaPlante's therapy sessions with a licensed therapist, he argues, his interest in protecting that

---

[1] In meeting and conferring with counsel for Plaintiff on the Motion to Disqualify, counsel for Plaintiff at one point claimed that Mr. LaPlante somehow "waived" the therapist-patient privilege by filing his counterclaim against Plaintiff; therefore, he contended, it was proper for Plaintiff to endorse Dr. Fouts as an expert witness to testify against her former patient. For the reasons laid out in the Motion to Disqualify, Plaintiff's argument wholly lacks merit. (*See* Doc. #56, at 12.) More specifically, the Colorado Supreme Court has held that "a party does not sufficiently inject his or her mental condition into the case so as to constitute waiver merely by seeking damages under a general claim of mental suffering which is incidental to the physical injuries underlying the suit." *Hoffman v. Brookfield Republic, Inc.*, 87 P.3d 858, 863 (Colo. 2004). Here, Mr. LaPlante is not in any of his causes of action seeking damages for any psychiatric treatment provided by Dr. Fouts. (*See generally* Doc. #50.) Nor has Mr. LaPlante asserted any independent tort claims that could put his mental state at issue, such as intentional or negligent infliction of emotional distress. Finally, Mr. LaPlante does not intend to call an expert to testify as to the nature and extent of any emotional distress that Mr. LaPlante may have suffered incidental to his physical injuries.

[2] Plaintiff's position does not prevent the filings that discuss the therapist-patient privileged information from being restricted at Level 1 while the parties brief the waiver issue and the Court rules on the issue. If the Court were to later decide that Mr. LaPlante waived the therapist-patient privilege by filing his counterclaim, the Court, *sua sponte* or on motion by a party, could of course remove the restricted status of the Motion to Disqualify and Exhibit A.

sensitive information outweighs the presumption in favor of public access. . . . This court respectfully agrees insofar as it finds that [Mr. LaPlante's] privacy interests here warrant restriction of highly sensitive information related to his therapy treatment.") (internal citations omitted).)

**Factor 3: Serious injury would result absent restriction.**

If the Motion to Disqualify and Exhibit A (Docs. #56, #56-1) are not placed on Level 1 restriction, then Mr. LaPlante's confidential/privileged information derived from therapy sessions will be publicly available. This would result in further serious injury to Mr. LaPlante because it would mean that his confidential/privileged information would be open to public view on a go-forward basis. Such an outcome would carry with it the very embarrassment and humiliation that the therapist-patient privilege is intended to prevent. *Johnson*, 977 P.2d at 155.

**Factor 4: Mr. LaPlante has filed publicly available versions of the Motion to Disqualify and Exhibit A that redact specific references to his therapy sessions and treatment.**

This Court has previously instructed Mr. LaPlante to redact "specific references to [his] therapy sessions and treatment" and found that "redaction of any specific references to information contained in [the Fouts Letter], Paragraphs 202 through 204 of the Complaints, and/or conversations between the Parties and Dr. Fouts . . . strikes the appropriate balance between Mr. LaPlante's privacy interests and the public interest in access to litigation materials." (Doc. #24, at 5.) Mr. LaPlante has attempted to strike that balance, in accordance with this Court's prior order, by filing publicly available versions of the Motion to Disqualify and Exhibit A with redactions to specific references to Mr. LaPlante's therapy sessions and treatment.

**Factor 5: Requested level of restriction.**

Mr. LaPlante requests that Docs. #56 and #56-1 be restricted at Level 1.

## CONCLUSION

For the foregoing reasons, Mr. LaPlante requests that the Court place Docs. #56 and #56-1 at Level 1 restriction.

DATED this 16th day of November, 2021.

Respectfully submitted,

**PERKINS COIE LLP**

By: *s/ T. Markus Funk*
    T. Markus Funk
    MFunk@perkinscoie.com
    Daniel Graham
    DGraham@perkinscoie.com
    Sean B. Solis
    SSolis@perkinscoie.com
    1900 Sixteenth Street, Suite 1400
    Denver, CO  80202-5255
    Telephone:  303.291.2300
    Facsimile:  303.291.2400

**Attorneys for Defendant Demian LaPlante**

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> Michael Fox
> Kalamaya Goscha
> 133 Prospector Road, Suite 4102x
> Aspen, CO  81611
> michael@kalamaya.law
>
> *Attorneys for Plaintiff*

By: *s/ T. Markus Funk*
  T. Markus Funk
  Perkins Coie LLP
  1900 Sixteenth Street, Suite 1400
  Denver, CO  80202-5255
  Telephone:  303.291.2300
  Facsimile:  303.291.2400
  mfunk@perkinscoie.com

  **Attorneys for Defendant Demian LaPlante**